Matter of Peerenboom v Marvel Entertainment, LLC

2026 NY Slip Op 02727

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Harold Peerenboom, Petitioner-Appellant,

v

Marvel Entertainment, LLC, Respondent-Respondent. Isaac Perlmutter, Nonparty-Respondent.

Decided and Entered: April 30, 2026

Index No. 162152/15|Appeal No. 6495|Case No. 2024-05234|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Buchanan Ingersoll & Rooney PC, New York (Stuart P. Slotnick of counsel), for appellant.

Haynes and Boone, LLP, New York (David Fleischer of counsel), for Marvel Entertainment, LLC, respondent.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 25, 2024, which, to the extent appealed from as limited by the briefs, granted respondent's motion under CPLR 3111 and 3122(d) for reimbursement of its reasonable production expenses incurred in responding to a subpoena, unanimously affirmed, without costs.

Initially, we reject petitioner's contention that no costs should have been awarded based on a balancing test formulated by the federal courts under federal rules. Under the CPLR, "[t]he reasonable production expenses of a non-party witness shall be defrayed by the party seeking discovery" (CPLR 3111, 3122[d]).

Supreme Court providently exercised its discretion in granting respondent's motion for reimbursement as a nonparty witness seeking to recover the reasonable production expenses incurred while producing documents in response to a subpoena from petitioner, and in determining the amount due to respondent in this proceeding (see Matter of Barons Media, LLC v Shapiro Legal Group, PLLC, 231 AD3d 639, 640 [1st Dept 2024]). Respondent provided invoices reflecting the production costs incurred, including third-party vendor costs and attorneys' fees. Contrary to petitioner's contention, attorneys' fees are available for inclusion in the award of expenses (see id.). Supreme Court providently reduced the hourly rates sought by respondent, using the blended rate initially proffered by respondent, which was less than the hourly attorney fee rate used in its motion for reimbursement (see e.g. JHAC LLC v Advance Entertainment, LLC, 2022 NY Slip Op 30251[U], *6 [Sup Ct, NY County 2022]). Further, the CPLR does not bar recovery of costs related to withholding documents based on relevance or privilege (see generally Barons Media, LLC, 231 AD3d at 640, citing 22 NYCRR 202.70, Appendix A, VIII [B] [1]). That some courts have declined to award costs expended to decide whether documents are privileged or irrelevant does not bar such recovery here (cf. Peters v Peters, 2016 NY Slip Op 31254[U], *4-5 [Sup Ct, NY County 2016]).

We have considered petitioner's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026